## JAMES P. COONEY & CO. *vs.* GEORGE A. HAX & CO.

*Sales—Statute of Frauds—Evidence—Examination of Account Books.*

An oral contract for the sale of goods, where there has been no part payment, is not valid under the seventeenth section of the Statute of Frauds, unless the acceptance of part of the goods was made by the buyer or his authorized agent. In this case, the person accepting part of the goods alleged to have been sold to the defendant, was not shown to have been authorized by the defendant.

In an action on an alleged oral contract for the sale of a quantity of potatoes, when the goods had not been accepted, the plaintiff asked a witness to refer to defendant's books, which were in Court, and state what entries they contained in reference to the purchase of potatoes in certain months. *Held,* that the trial Court properly refused to allow the witness to examine the books for the purpose of answering this question, there being no proof that the books contained any entries material to the plaintiff's case.

Appeal from the Superior Court of Baltimore City (HARLAN, C. J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*C. Dodd McFarland* (with whom was *Peter J. Campbell* on the brief), for the appellants.

*A. de R. Sappington* and *Wm. S. Bryan, Jr.,* for the appellees.

BRISCOE, J., delivered the opinion of the Court:

This is an action of *assumpsit* brought in the Superior Court of Baltimore City by the appellants against the appellees to recover the contract price of ten car loads of potatoes, alleged to have been sold by the plaintiffs to the defendants. The declaration contains eight counts, the first six are the common money counts, and the other two are special counts stating a sale to the defendants of ten car loads of potatoes, and claiming the difference between the original contract price and the amount the plaintiffs received from a subsequent sale thereof. To the declaration the defendants pleaded, first, that they never were indebted as alleged; second, that they did not promise as alleged.

At the trial of the case the appellants reserved eleven bills of exceptions, ten of which relate to the admissibility of evidence. The eleventh exception was to the granting of the defendants' prayer at the end of the plaintiffs' case, which was to the effect that there was no legally sufficient evidence under the pleadings in the case of any valid contract between the plaintiffs and the defendants for the purchase of the potatoes mentioned in the evidence and the verdict must be for the defendants.

The defense relied upon in this case, and the question presented by the prayer, arises under the seventeenth section of the Statute of Frauds, (29 Car. II., ch. 3.) This statute provides that no contract for the sale of any goods, wares and merchandise, for the price of ten pounds or upwards, shall be allowed to be good, except the buyer shall accept part of the goods so sold and actually receive the same, or give some-

thing in earnest to bind the bargain or in part payment, or that some note or memorandum in writing of the bargain be made and signed by the parties to be charged by such a contract or their agent, thereunto lawfully authorized. Now, it is admitted that there was no written contract of sale, nor any note or memorandum in writing signed by the defendants, nor any acknowledgement in writing of the dealings between the parties or their lawfully authorized agents. If there was a contract at all, it was a verbal one.

The plaintiffs testified that the potatoes were sold to one of the defendants, but there was no evidence to show that either of the defendants accepted or received the potatoes. On the contrary, the proof is that the defendants refused to acccpt or to receive the potatoes, and that no one had authority to accept or receive them on their behalf. It is distinctly held in *Belt* v. *Marriott*, 9 Gill, 335, that in order to satisfy the Statute of Frauds there must be a delivery of the goods with intent to vest the right of possession in the vendee, and there must be an actual acceptance by the latter, with intent to take possession as owner. *Hewes* v. *Jordan*, 39 Md. 479; *Jones* v. *Mechanics' Bank*, 29 Md. 293. There being, then, no legally sufficient evidence of a valid contract for the purchase of the potatoes mentioned in this case, the Court committed no error in granting the defendants' prayer, which took the consideration of the case from the jury.

We have carefully examined the ten bills of exception relating to the admissibility of evidence, and find no error in the rulings of the Court, which would justify a reversal. The first bill of exception was abandoned by the appellant at the hearing in this Court.

The evidence sought to be introduced by the second, third, fourth, fifth, sixth, seventh and eighth bills of exception related to dealings and transactions and declarations of third parties and had no relevancy to the controversy in this case, and was properly excluded by the Court.

The ninth and tenth bills of exception are practically the same and embrace the same question. The defendants' book-

keeper was asked the following question. During the progress of the trial plaintiff gave notice to the defendants to produce their books. Witness was asked : " Have you the books in Court ?" He answered : " The books are here sir." He was then asked : " Will you refer to the books and state what entries are contained therein in reference to the transactions or the purchase of potatoes in the month of May and June, 1898." Defendants objected to the answer, stating that the books are in Court and in the custody of defendants' counsel, and until ordered by the Court declined to let the witness see them; the Court refused to allow the witness to look at the books for the purpose of answering the question ; and this forms the basis of these exceptions.

There was no proof or evidence that the defendants' books contained any fact that was material or relevant to the plaintiffs' case, or that the party was entitled to the benefit of this testimony in the trial of the case. The 95th section of Article 75 of the Code, furnishes a mode of procuring the production of books and papers. It states that : " Whenever at the trial, hearing, or any other stage of an action, suit, petition, cause or matter at law or in equity, it shall appear to the Court that the attendance or testimony of any person or witness, or the production of any paper, document or thing not produced by any party is necessary to the purposes of justice, the Court may require any party to produce such paper, document or thing for inspection by Court or jury, or may of its own motion, issue process for the production of such person, witness, paper, document or thing, and may adjourn or postpone the trial or hearing, or name a day for the further trial or hearing if the trial has begun, or if a hearing shall already have been had, in order that such person, witness, paper, document or thing may attend or be produced, upon such conditions in every case as to time, notice, cost and security, as the Court may deem proper."

We find no error in the rulings of the Court in this case, and the judgment below will be affirmed.

*Judgment affirmed with costs.*

(Decided December 13, 1900.)